IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ANGELA CHAPMAN | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 3:18-cv-00650 |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
| MEHARRY MEDICAL COLLEGE, | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Pending before the Court is Defendant Meharry Medical College's Motion for Summary Judgment. (Doc. No. 42). In support of the Motion, Defendant filed a Memorandum (Doc. No. 43), Statement of Undisputed Material Facts (Doc. No. 44). Plaintiff responded to the Motion (Doc. No. 48) and to the Statement of Undisputed Material Facts (Doc. No. 49). Defendant filed a reply. (Doc. No. 54).

For the reasons discussed below, Defendant's Motion for Summary Judgment will be **GRANTED**.

## I. BACKGROUND

Plaintiff Angela Chapman is a former medical student at Meharry Medical College ("Meharry"). She alleges Meharry discriminated against her on the basis of a disability in violation of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Title VI of the Civil Rights Act and Section 1983 of the Civil Rights Act of 1871. (Doc. No. 16). Defendant seeks summary judgment on all claims.

1

A. **The Medical School Curriculum**

The Meharry School of Medicine curriculum is divided into two phases. (Doc. No. 45-5 at PageID# 484). The Phase I of the curriculum consists of the first two years – generally referred to as the preclinical years. (*Id.*). The preclinical years emphasize the basic sciences relevant to clinical medicine. (*Id.* at PageID# 485). Phase II consists of the last two years – generally referred to as the clinical years. (*Id.* at PageID# 484). The clinical years emphasize hands-on training in a clinical setting. (*Id.* at PageID# 486). Before a student can begin clinical rotations, he or she must attend Intersession. (*Id.*). Intersession is a program offered June, September, and March, that serves as a bridge to integrate basic science and clinical science. (*Id.*). During Intersession students receive orientation and training regarding appropriate protocol in a clinical setting, the Health Insurance Portability and Accountability Act ("HIPAA") and the Occupational Safety and Health Act ("OSHA"). (*Id.*).

The medical school curriculum is designed to be completed in four years. (Doc. No. 45-5 at PageID# 484-90). If a student is experiencing academic difficulty, he or she is eligible to complete a five-year program, allowing students three years to complete the first two years of the curriculum. (*Id.* at PageID# 485). All students are required to complete all requirements for the medical degree in a maximum of six calendar years. (*Id.* at PageID# 464).

The medical degree requires completion of prescribed coursework and passage of steps one and two of the United States Medical Licensing Examination ("USMLE"). (*Id.* at PageID# 494). Successful completion of a course requires passing both the internal component of the course and the subject board. (*Id.* at PageID# 494-95). Students who do not pass the subject board on their first attempt will receive an "incomplete" grade and will be required to repeat the subject board examination after remediation. (*Id.*). Students normally sit for the USMLE Step 1 after completing the first two years of medical school. (Adams Dep., Doc. No. 45-4 at 49). Prior to sitting for the

2

USMLE Step 1 exam, students must take a Board Review course. (Doc. No. 45-5 at PageID# 484). Students are allotted up to three times in Board Review. (Adams Dep., Doc. No. 45-4 at 101-02).

**B.     Plaintiff's Academic Performance and Disability**

Plaintiff enrolled in Meharry Medical College ("Meharry") in the fall semester of 2010. (Doc. No. 49, ¶ 1). Plaintiff failed all of her first-year subject boards and therefore was not promoted to the second year. (Pl. Dep., Doc. No. 45-3 at 30). Plaintiff took a leave of absence during the 2011-12 academic year; she returned in August 2012. (*Id*. at 60).

After a difficult first year in medical school in which she failed all of her subject board exams, Plaintiff sought evaluation from several medical professionals in 2011 and 2012. She was diagnosed with Adjustment Disorder with mixed Anxiety and Depressed Mood (Doc. No. 45-7 at PageID# 547), OCD (Doc. No. 45-8 at PageID# 600), and Asperger's Disorder (Doc. No. 59-6 at PageID# 2162). None of the evaluations identified or recommended specific educational accommodations. (*Id*.).

Nevertheless, Plaintiff presented these diagnoses to Meharry and was granted accommodations of additional time for tests and possibly a quiet room. (Doc. No. 58-3). The record shows that she specifically requested accommodation for at least one exam and was allowed additional time to take the exam. (*Id*.). Plaintiff claims that there were other exams for which she did not receive additional time. (Pl. Dep., Doc. No. 45-3 at 81).

In December 2013, Plaintiff's psychotherapist, Terry Huff, sent a letter to Barbara Tharpe, Meharry's Director of Student Affairs. (Doc. No. 45-5 at PageID# 452). Dr. Huff stated that Plaintiff had been diagnosed with OCD and Asperger's Disorder and that "because of the processing challenges and perfectionist tendencies, she may need to request accommodations, such as extended time on tests, to demonstrate her grasp of material that she has learned." (*Id*.).

3

Plaintiff failed to pass her second-year course requirements. (Chapman Decl., Doc. No. 58-5, ¶ 14). In July 2014, Dr. Collins, on behalf of the Office of Student and Academic Affairs, notified Plaintiff by letter there were concerns regarding her academic progress. (Doc. No. 45-5 at PageID# 439). Specifically, Plaintiff had not completed all of the requirements for the first two academic years. She still needed to pass four subject boards and the USME Step 1 exam. The letter informed her that "due to the circumstances in which you have provided well documented expert support of your adjusting to treatment and counseling, the [School of Medicine] has decided to allow you to enroll in one last semester in Board Review in order to address the deficiencies remaining in your [second] academic year." (*Id*.). The letter stated that failure to comply with the conditions stated in the letter "will result in recommendation for dismissal from the School of Medicine at Meharry Medical College due to inadequate academic progress." (*Id*. at PageID # 439-40). By December 2014, Plaintiff had not passed all of the required subject boards. (Chapman Decl., Doc. No. 58-5 at ¶¶ 14).

Plaintiff took a leave of absence from Spring 2015 to Spring 2016. (Adams Dep., Doc. No. 45-4 at 88). In February 2016, she again met with the Student Evaluation and Promotion Committee to discuss her academic progress. (Doc. No. 59-6 at PageID# 2159-61). At that time, Plaintiff still needed to successfully complete two subject boards and the USMLE Step 1. (*Id*.). During the meeting Plaintiff did not request an accommodation due to her disability or inform the state that she had previously requested and been denied an accommodation. (*Id*.). Following the meeting, the Committee determined that Plaintiff must (1) "complete the proper paperwork to be placed on a Leave of Absence for the remainder of spring semester"; (2) enroll in the Board Review course for the Fall 2016 semester; (3) participate in the Comprehensive Board Examination Review; (4) sit for the pre and post NBME Comprehensive Tests; and (5) sit for the USMLE Step 1

by December 31, 2016. (Doc. No. 45-5 at PageID# 441). The decision letter warned that "failure to comply with all of these stipulations will result in [the Committee] submitting your name to the Dismissal Committee." (*Id*.).

On December 9, 2016, Plaintiff requested to reschedule the USMLE Step 1 exam. (Doc. No. 59-5 at PageID# 2098). Plaintiff did not state that she required additional time as an accommodation to her disability. (*Id*.). Dr. Stephanie McClure, Executive Vice Dean of Student and Academic Affairs, denied Plaintiff's request to delay the examination. (Doc. No. 58-5 at PageID# 2101-02). Plaintiff sat for the USMLE Step 1 exam on December 30, 2016, and did not pass. She received a 126 – the lowest possible score on the exam. (Doc. No. 49, ¶ 6).

By letter dated January 31, 2017, Meharry notified Plaintiff that the Dismissal Committee had decided to dismiss her from the Meharry Medical College School of Medicine. (*Id*., ¶ 7). The Committee informed Plaintiff that she was being dismissed because she had exhausted the six-year time limit to complete the medical program and that, in light of her low score on the USMLE Step 1 exam, Meharry "did not see a positive outcome." (Doc. No. 59-5 at PageID# 2063-65).

Plaintiff appealed her dismissal to Dean Faulkner. (Doc. No. 59-5 at PageID# 2066). On February 15, 2017, Dean Faulkner notified Plaintiff as follows:

> In considering that you have already paid our tuition and fees, you will be allowed to retake Step 1 this semester (Spring 2017) with the following stipulations:
>
> 1. You must work closely with CEDS to assure a concrete study plan.
>
> 2. You must take Step 1 on or before Friday, May 5, 2017
>
> If you fail to do either one of the above will result in agreement of the committee's decision to dismiss you. If you do not pass the Step 1 in the Spring of 2017, you will be administratively withdrawn.

(*Id*.).

On February 17, 2017, Plaintiff emailed Dean Faulkner to thank her for allowing her a second opportunity to take the USMLE Step 1 exam and to request an extension of time to take the exam. (Doc. No. 59-6 at PageID# 2096-97). Plaintiff requested to be held to the same requirements as second year students – to sit for the exam before the first rotation of third year begins. (*Id*.).

Dr. McClure responded on behalf of Dean Faulkner:

> Dear Ms. Chatman [sic], Dean Faulkner has advised me that you are directed to sit for your exam by May 5th so that your result will be back in sufficient time for evaluation of your academic status. You are no ordinary second year student given your current academic status. There has been a pattern of rescheduling, cancellations, and no shows for subject boards, etc. This can no longer be tolerated and will not be acceptable for you to do the same with the licensure examination. We wish you well as you prepare for this examination.

(*Id*. at PageID # 2103).

A few weeks later, in March 2017, Plaintiff sent Jacqueline Gardner, Senior AVP for Student and Academic Services, an evaluation prepared by Dr. Steven Chandler in 2014. (Doc. No. 59-5 at PageID# 2075-2086). The stated purpose of the evaluation was to "re-evaluate Angela's learning processes and to determine recommendations to enhance learning potential." (*Id*. at PageID# 2075). Dr. Chandler recommended, "Due to Angela's learning weaknesses in reading comprehension, listening comprehension, reading fluency, and significant issues with anxiety and obsessive thinking, she is extremely slow at completing tasks and tests. Therefore, she will need at least, 50% extended time to complete tests and examinations." (*Id*. at PageID# 2081). This was the first time Plaintiff provided this evaluation to anyone at Meharry. (Pl. Dep., Doc. No. 45-3 at 166).

On March 21, 2017, Plaintiff sent an email to Ms. Gardner to clarify that she was seeking additional time to take the USMLE Step 1 exam as an accommodation for her disability. (Doc. No.

6

59-5 at PageID# 2085). She wrote, "I just want to reiterate … that I do not want additional time simply because other individuals are getting the full semester to study. I am asking for the additional time through accommodations. Although the accommodations are more so for additional time during testing, it is with the understanding that reasonable time was allotted in the first place." (*Id*.).

On March 31, 2017, to explain her request for additional time to take the exam, Plaintiff informed Dr. Veronica Mallett, who had succeeded Dean Faulkner, of her disability. (Doc. No. 59-5 at PageID# 2063-65). Dr. Mallett responded that she had reviewed Plaintiff's file and would uphold the requirement to take the exam before May 5, 2017. (*Id*. at PageID# 2062). She reiterated, "As stated in the letter from the former Dean Faulkner, if you do not pass the Step 1 exam in the Spring of 2017, you will be administratively withdrawn." (*Id*.).

Plaintiff then sent Meharry a letter through her attorney requesting until June 30, 2017, to take the USMLE Step 1 exam as a reasonable accommodation to her disability. (Doc. No. 59-5 at PageID# 2107). Plaintiff attached two exhibits. The first was a copy of Dr. Chandler's 2014 evaluation. (*Id*. at PageID# 2109-2117). The second was a letter from Plaintiff's physician, Richard E. Rochester. (*Id*., at PageID# 2118). Dr. Rochester wrote: "It is my opinion, she has now improved to the point that she will be in a better position to progress at a normal rate. Please take her medical condition into consideration as decisions are made regarding her future in medical school." (*Id*.).

On April 28, 2017, Meharry granted Plaintiff's request to extend her preparation time. (*See* Doc. No. 59-5 at PageID# 2099). However, because Plaintiff was scheduled to begin a clerkship on June 26, 2019, the deadline to take the exam was extended until June 25, 2017. This afforded Plaintiff a seven-week extension. Meharry added that "Ms. Chapman must report to Intersession on June 19th and to her clerkship on June 26th" and "pass the USMLE Step 1 exam." (*Id*.). Again,

7

Meharry advised that failure to comply with these requirements "will result in her dismissal from the School of Medicine [ ] program." (*Id*.).

On May 30, 2017, Dr. McClure emailed Plaintiff that she would be "enrolled in Intersession I as it contains Orientation to the Clerkships you have not yet taken, as well as new information and updates needed for entry into the rest of your clerkships, including new hospital requirements, policy updates, BLS training, etc." (Doc. No. 57-1 at PageID# 1431). Plaintiff responded that she was not opposed to attending the Intersession I course again and acknowledged that she needed to complete the new requirements. (*Id*.).

On June 22, 2019, Plaintiff emailed Ms. Gardner requesting an additional one week delay in taking the exam. (Doc. No. 59-5 at PageID# 2084). Ms. Gardner responded that she was without authority to move the test date and advised that Plaintiff would have to speak with Dr. McClure. (*Id*.).

Plaintiff did not sit for the USMLE Step 1 on June 25, 2017; nor did she attend Intersession on June 19, 2017. By letter dated July 14, 2017, Meharry notified Plaintiff that she was being administratively withdrawn from the School of Medicine. (Doc. No. 57-1 at PageID# 1434). On October 3, 2017, Meharry denied Plaintiff's request to be reinstated. (*See* Doc. No. 45-5 at PageID# 451).

On July 3, 2018, Plaintiff filed a lawsuit against Meharry alleging violations of the ADA and the Section 504 of the Rehabilitation Act. (Doc. No. 1). She amended her complaint to add charges of discrimination based on disability pursuant to Title VI of the Civil Rights Act and Section 1983 of the Civil Rights Act of 1871. (Doc. No. 16).

Defendant seeks summary judgment on all claims. (Doc. No. 42).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595.

## III. ANALYSIS

The Amended Complaint alleges claims for disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701, et seq., the Civil Rights Act, 42 U.S.C. § 1983, and Title VI of the Civil Rights act 42 U.S.C. § 2000d, et seq. (*See* Am. Compl., Doc. No. 16). Plaintiff concedes her Civil

9

Rights Act claims should be dismissed. (Doc. No. 48 at 21). Accordingly, the Court will consider only the claims for disability discrimination under the ADA and the Rehabilitation Act.

Plaintiff alleges Defendant discriminated against her on the basis of her disability by: (1) denying her request for an additional one-week extension of time to take the USMLE Step 1 exam; and (2) failing to consider her disability when it dismissed her from the medical school.

Meharry argues that Plaintiff's reasonable accommodation claim is barred by the one-year statute of limitations, the requested accommodation was not reasonable, Plaintiff was not "otherwise qualified" to continue in the program, and was not dismissed based on her disability.

Before turning to the substance of Plaintiff's claims, the Court will first consider Defendant's argument that the reasonable accommodation claims are time-barred.

### A. Plaintiff's Claim Regarding the Denial of an Extension of Time to Take the USMLE Step 1 Exam is Time-Barred

The limitations period for claims under the ADA and the Rehabilitation Act is borrowed from the most analogous state limitations period, which in Tennessee is one year. *See Taylor v. Knox Bd. of Ed.*, 257 F. Supp. 3d 946, 964 (E.D. Tenn. 2017). The limitations period begins to run when Plaintiff knew or had reason to know of her injury. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Defendant argues that Plaintiff's reasonable accommodation claims accrued on June 22, 2017, when Meharry declined to grant an additional extension of time to take the USMLE Step 1 exam. In her response, Plaintiff mischaracterizes Meharry's argument, stating that Meharry argues her claims are barred because she was dismissed from the medical school on June 22, 2017. (Doc. No. 48 at 20). Plaintiff then argues that Defendant's statute of limitations claim fails because the evidence shows she was not dismissed until July 14, 2017. (*Id.*).

The Court agrees that Plaintiff's claims for failure to accommodate with regard to extending the exam deadline accrued on June 22, 2017, when Meharry last denied her request for accommodation. Accordingly, the claims based on failure to provide reasonable accommodations with regard to the USMLE exam date filed on July 3, 2018, more than one year after the accrual of the claim, are barred by the statute of limitations.

Defendant argues that the statute of limitations bars all of Plaintiff's claims. Admittedly, the precise legal theory of her claims is not well articulated. However, it appears from the Amended Complaint and Plaintiff's Response to the Motion for Summary Judgment that Plaintiff also asserts a claim based on the dismissal itself. As the claims regarding the dismissal were filed within the limitations period, the Court will consider those claims.

### B. Plaintiff Is Not "Otherwise Qualified" to Continue in the Program

Under both the ADA and the Rehabilitation Act, Plaintiff must establish that (1) she is disabled as defined in each statute, (2) she is "otherwise qualified" to continue in the program; and (3) she was dismissed on the basis of her handicap or disability. *Kaltenburger v. Ohio College of Podiatric Med.*, 162 F.3d 432, 435 (6th Cir. 1998). Meharry does not dispute that Plaintiff is disabled as defined in the statutes. It argues, however, that Plaintiff is not "otherwise qualified" to continue the program and was not dismissed on basis of her disability.

A disabled person is "'otherwise qualified' to participate in a program if she can meet the necessary requirements with reasonable accommodation." *Id*. However, educational institutions are not required to lower or effect substantial modification of standards to accommodate a disability. *Id*. at 436. The Sixth Circuit has noted that "the federal judiciary is ill equipped to evaluate the proper emphasis and content of a school's curriculum." *Shaikh v. Lincoln Memorial Univ.*, 608 F. App'x 349, 353 (6th Cir. 2015).

11

"University faculties must have the widest range of discretion in making judgments as to the academic performance of students and their entitlement to promotion or graduation." *Kaltenburger*, 162 F.3d at 435 (quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 255 (1985)). "[W]hen reviewing the substance of academic decisions, courts 'should show great respect for the faculty's professional judgment.'" *Id*. Courts must also defer to professional academic judgments regarding the reasonableness of a requested accommodation. *Id*. Deference is particularly important with regard to degree requirements in the health care field. "The decision of a college not to waive [a] requirement and lower the standards for continued training in [] medicine is entitled to deference. We should only reluctantly intervene in academic decisions 'especially regarding degree requirements in the health care field when the conferral of a degree places the school's imprimatur upon the student as qualified to pursue [the] chosen profession.'" *Kaltenburger*, 162 F.3d at 437 (quoting *Doherty v. Southern College of Optometry*, 862 F.2d 570, 576 (6th Cir. 1988)).

Plaintiff's claims of disability discrimination with regard to her dismissal from the medical college are not clearly articulated. As best the Court can determine, she argues that she should have been allowed to continue at the medical college beyond the six-year maximum time period, despite not having taken the USMLE Step 1 exam on the scheduled date, not having attended Intersession or her clerkship, and in light of an extensive record of poor academic performance. (*See* Doc. No. 48 at 20 ("When Angela Chapman was dismissed, her disability was not even considered.")). Plaintiff offers reasons why none of these requirements should have been enforced: the six-year maximum time period can be waived by the Dean; a one-week delay in taking the exam for the second time (after having received the lowest possible score on her first sitting) would

not significantly impact the curriculum because students are allowed three attempts to pass the exam; Intersession is not required to be completed before a clerkship. (*See* Doc. No. 48 at 17-20).

Meharry argues that allowing Plaintiff to continue her education beyond the six-year maximum timeframe, particularly in light of her academic record, would affect a substantial modification to Meharry's standards. Permitting a student to continue in the medical school beyond the maximum six-year period requires an exercise of the academic judgment of the Dean. The Dean determined that Plaintiff was not qualified to continue in the program. She made this determination with knowledge and awareness of Plaintiff's academic status, academic progress, and disability. This decision is amply supported by the record.

Notably, Plaintiff had already been dismissed once. Plaintiff appealed the dismissal, and the Dean exercised her discretion to allow Plaintiff an additional opportunity to continue her education with several conditions, including that Plaintiff sit for the USMLE Step 1 exam on May 5, 2017, and pass the exam. At Plaintiff's request, Meharry extended the original deadline to take the exam by seven weeks. It explained, however, that additional time could not be granted because Plaintiff was scheduled to begin clerkship rotations on June 26, 2017. Plaintiff did not sit for the exam on June 25, 2017, and was subsequently dismissed.

The decision to dismiss Plaintiff for failure to meet academic standards is entitled to deference and as supported by the record. *See Kaltenburger*, 162 F.3d at 437. Accordingly, the Court finds that no reasonable jury could conclude that Plaintiff was qualified to continue her medical education with or without the requested accommodation.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion for Summary Judgment (Doc. No. 42) will be **GRANTED** and this case **DISMISSED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE